GIDDINGS, Respondent, v. NEFSY et al, Appellants.

STOCK GROWERS' BANK, Respondent, v. NEFSY et al,

Appellants.

(194 N. W. 648.)

(File No. 5275, 5276.   Opinion filed July 2, 1923.)

**Appeal and Error—Findings—Judgments Vacated for Failure of Trial Court to Pass Upon all the Issues Covered by Evidence.**

Judgments should be vacated, under circumstances shown, where trial court failed to decide issues created by defendants' separate defenses and counterclaim. No findings of fact were made upon certain issues on which evidence was claimed by appellants to have been taken, and although due notice of intention to move for new trial based on a record to be settled was made, and transcript of the evidence was duly ordered, the court reporter failed to furnish transcript, and the time elapsed within which motion for new trial might be made. Shortly before the expiration of a year from entry of judgments, appellants appealed, assigning as error failure to pass on all issues. Held, judgment should be vacated and trial court directed to make findings of fact and conclusions of law upon all issues on which evidence was offered, and enter judgment accordingly, first causing a copy of the transcript of evidence to be made and delivered to appellants attorneys, on their payment therefor.

Appeal from Circuit Court, Stanley County; Hon. John F. Hughes, Judge.

Actions by Josh R. Giddings, and by the Stock Growers' Bank, respectively, against William H. Nefsy and another. Judgments for plaintiffs, and defendants appeal. Judgments vacated with direction.

*Henry Frawley*, of Deadwood, and *Howard G. Fuller*, of Pierre, for Appellants.

*Stephens & McNamee*, of Pierre, for Respondents.

Appellants cited: R. S., Secs. 2525 to 2528; Taylor v. Vandenberg, 15 S. D. 480; McPherson v. Swift, 22 S. D. 164, 174; Davison v. Kellar, 35 S. D. 285, 291, 292; Naddy v. Dietze, 15 S. D. 26; Farmer v. St. Croix Power Co., 117 Wis. 76.

Respondent cited: Naddy v. Dietze, 15 S. D. 26; Martin v. Minnekahta State Bank, 7 S. D. 268.

GATES, J. These are appeals from the judgments only. The cases arise out of a land transaction. One is an action for specific performance of a contract. The other is an action to foreclose a mortgage. The cases were tried together. Findings of fact and conclusions of law favorable to the respective plaintiffs were made and judgments entered accordingly. No findings of fact were made on a number of issues raised by the answer and counterclaim in one case and by the answer in another. It is asserted that evidence was taken bearing upon such issues.

The findings and judgments were entered on December 3, 1921. Within four days thereafter appellants served notice of intention to move for a new trial based upon a record to be settled. On December 9, 1921, appellants ordered a transcript of the evidence, and the sum of $250 was immediately paid to the court reporter therefor. No transcript was ever furnished, and the time has elapsed within which a motion for a new trial might be made. Shortly before the expiration of one year from the entry of judgment, the appellants appealed from the judgments, and assign as error the failure of the trial court to pass upon all of the issues.

It appears that by reason of the neglect or incompetency of the court reporter the appellants have been denied the right to a hearing upon a motion for a new trial based upon a settled record.

The reporter in question is a son of the trial judge. This is not the first time that the reporter's neglect or incompetency has been officially brought to the attention of this court.

The judgments appealed from are vacated, and the trial court is directed to make findings of fact and conclusions of law upon all of the issues raised by the pleadings upon which evidence was offered, and to enter judgment accordingly. However, before signing and filing such new findings and conclusions, the trial court will cause a copy of the transcript of the evidence received upon the trial to be made and delivered to the attorneys for appellant upon the payment of the necessary expense therefor in case the advance deposit of $250 is insufficient.

DILLON, J., not sitting.

Note.—Reported in 194 N. W. 648. See Head note, American Key-Numbered Digest, Appeal and Error, Key-No. 1165, 4 C. J. Sec. 3188.