STOCK GROWERS' BANK, and SMITH, Respondents, v. NEFSY, et al, Appellants.

(237 N. W. 571.)

(File No. 7062.  Opinion filed June 26, 1931.)

*Will G. Robinson* and *Martens & Goldsmith,* all of Pierre, for Appellants.

*O'Keeffe & Stephens,* of Pierre, for Respondents.

WARREN, J.  This case, upon its first appearance in this court, was reported together with its companion case, Giddings v. Nefsy, 46 S. D. 505, 194 N. W. 648.  It reached this court again and was reported in 51 S. D. 72, 212 N. W. 512.  This court, speaking through Judge Gates, said:

"The mortgage and the note which it secured were assigned to plaintiff bank as collateral security for an indebtedness due from Giddings.  The witness Sumner was vice president of plaintiff bank, and was present at and participated in the negotiations which resulted in the purchase of the 1,960-acre ranch by appellants, and knew all about that transaction, and was looking after the interests of Giddings as well as the interests of the bank, which was 'a heavy creditor' of Giddings.  Defendants appeal from the judgment and order denying a new trial.

"From the evidence of Sumner alone the conclusion is irresistible that whatever defense to the note and mortgage was open to appellants while Giddings owned them was open to appellants after they were assigned to respondent.

"Therefore, by reason of our decision in the other case, the

judgment of foreclosure in this case and the order denying new trial are vacated."

It reached this court for the third time and was reported in 52 S. D. 435, 218 N. W. 18. In that case, Judge Campbell stated that the former opinion was adhered to.

It has reached this court now for the fourth time, and upon consideration and it being a companion case to Giddings v. Nefsy, 58 S. D. 477, 237 N. W. 570, now, therefore, for all the reasons therein stated, and as stated in the former opinion therein, the order and judgment appealed from are reversed, and the former opinion is adhered to.

POLLEY, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.